IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVITA INC.**<br>  2000 16th Street,<br>  Denver, CO 80202,<br><br>              *Plaintiff,*<br><br>      v.<br><br>**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES**<br>  200 Independence Avenue, SW<br>  Washington, DC 20201,<br><br>**CENTERS FOR MEDICARE & MEDICAID SERVICES**<br>  7500 Security Boulevard<br>  Baltimore, MD 21244,<br><br>              *Defendants.* | Case No. 1:20-cv-1798 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, for injunctive, declaratory, and other appropriate relief to compel the production of agency records improperly withheld from Plaintiff DaVita Inc. by Defendants the Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS).

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. DaVita Inc. is a Delaware corporation with its principal place of business in Denver, Colorado. DaVita is a leading provider of kidney care in the United States with over 2,400 centers across the country.

4. Defendant HHS is a Department of the Executive Branch of the United States Government and is an "agency" as that term is defined in 5 U.S.C. § 552(f).

5. Defendant CMS is a federal agency within HHS and is an "agency" as that term is defined in 5 U.S.C. § 552(f).

6. HHS and CMS have possession and control of the requested records and are responsible for fulfilling DaVita's FOIA request.

**BACKGROUND**

*DaVita's FOIA Request*

7. On November 22, 2019, DaVita submitted a FOIA request to CMS through the agency's online FOIA portal. DaVita's request sought "comments that were submitted on the Proposed Rule entitled *Medicare Program; Medicare Secondary Payer for Disabled Active Individuals*, 55 Fed. Reg. 8,491 (Mar. 8, 1990), that resulted in the Final Rule, *Medicare Program; Medicare Secondary Payer for Individuals Entitled to Medicare and Also Covered Under Group Health Plans*, 60 Fed. Reg. 45,344 (Aug. 31, 1995)." DaVita's request explained that "[a]ccording to the Final Rule, the agency 'received 36 timely letters of comment from employers, insurance companies, law firms, actuarial firms, individuals, associations (two business and one medical), and beneficiary rights organizations.'" DaVita requested "copies of all 36 comments, in PDF format if possible."

8. On December 4, 2019, CMS denied DaVita's request for expedited processing and indicated that the agency would "process [the] request in accordance with this agency's 'first in, first out' practice." Ex. A at 1.

9. For the next four months, DaVita received no additional correspondence regarding its request.

10. On April 3, 2020, counsel for DaVita emailed CMS a letter regarding DaVita's request. *See* Ex. B. DaVita explained that it had "received no response from the agency to our underlying request for records, which has been pending for nearly 90 working days." *Id.* at 1. DaVita asked the agency to "furnish the requested records as soon as possible." DaVita emphasized that "[n]one of FOIA's exemptions apply to these documents," and that if CMS's "response (or at least a plan for timely production) is not forthcoming, we will pursue our legal remedies to obtain the documents." *Id.* at 2.

11. DaVita received no response to its April 3 letter.

12. On April 13, DaVita's counsel sent a follow-up email to CMS attempting to confirm receipt of its letter and seeking at the agency's "earliest convenience the agency's plans for addressing our request." Ex. C.

13. To date, DaVita has received no response to its request beyond the initial denial of expedited processing. And to date, CMS's website for tracking FOIA requests contains only the following boilerplate description of the request's status: "FOIA request referred to program office(s) for responsive records search and fee estimate."  Ex. D (printout); *see* CMS, *Check the Status of Your FOIA Request*, https://www.cms.gov/apps/FOIA. The "projected date of response" is "undetermined." Ex. D.

14. Therefore, as a last resort, DaVita seeks judicial intervention to require Defendants to comply with their obligations under FOIA, whose "basic purpose … is to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

### *Exhaustion of Administrative Remedies*

15. Defendants' failure to respond has triggered DaVita's right to judicial review.

16. FOIA requires that an agency make a "determination" on any request "within 20 working days (or 30 working days in 'unusual circumstances')." *Citizens for Responsibility & Ethics in Washington v. FEC* (*CREW*), 711 F.3d 180, 185 (D.C. Cir. 2013); *see* 5 U.S.C. § 552(a)(6)(A)(i). If an agency fails to make a determination within those statutory time limits, then the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW*, 711 F.3d at 185.

17. Neither HHS nor CMS has provided any determination on DaVita's request. An agency's response qualifies as a determination under § 552(a)(6)(A)(i) only if it sets forth "the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 65 (D.C. Cir. 1990); *see also CREW*, 711 F.3d at 188 (D.C. Cir. 2013) ("[A] 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future.").

18. In the seven-plus months since DaVita filed its request, Defendants have never informed DaVita of their determination of whether to comply with the request; why they reached

4

such a determination; or how DaVita could appeal such a determination if adverse. DaVita's administrative remedies are thus constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

19.     There is no lawful basis for withholding the requested records. DaVita seeks 36 public comment letters on a 1990 rulemaking conducted by CMS's predecessor agency, the Health Care Financing Administration. Had the relevant rulemaking been conducted more recently, these comments would be freely available online at Regulations.gov. *See* CMS, *e-Rulemaking*, https://www.cms.gov/Regulations-and-Guidance/Regulations-and-Policies/eRulemaking. On information and belief, all of the comments are contained in a single file and are readily accessible by HHS and CMS; the 36 letters represent a relatively small number of pages and their production would not be burdensome.

20.     DaVita thus seeks an order requiring Defendants to release, in a timely manner, all requested records that have been unlawfully withheld.

## CLAIM FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Release Records Sought Through the Request

1.     DaVita incorporates by reference and re-alleges each of the foregoing paragraphs.

2.     Defendants' failure to release records sought through DaVita's request violates FOIA, 5 U.S.C. § 552(a).

3.     DaVita has exhausted any and all necessary administrative remedies.

4.     DaVita has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by Defendants of said right.

## REQUESTED RELIEF

WHEREFORE, DaVita prays that this Court:

    a)    find and declare that Defendants' refusal to produce the requested documents violates FOIA;

    b)    order Defendants to immediately disclose all records that DaVita requested;

    c)    award DaVita its costs and reasonable attorney's fees incurred in this action, as provided by 5 U.S.C. § 552(a)(4)(E); 28 U.S.C. § 2412; and any other applicable statute; and

    d)    grant such other relief as the Court may deem just and proper.

Dated: July 2, 2020

Respectfully submitted,

/s/ Samuel F. Callahan
Samuel F. Callahan (D.C. Bar No. 888314461)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
sam.callahan@arnoldporter.com

*Attorney for Plaintiff DaVita Inc.*